

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 6, 1952

Hon. Larry O. Cox
Executive Director
Board for Texas State
  Hospitals and Special Schools
Austin, Texas

Opinion No. V-1416

Re: Legality of making pay-
ments after August 31,
1951, under architect
and building contracts
executed prior to Sep-

Dear Mr. Cox:           tember 1, 1949.

         Your request for an opinion relates to the
legality of the issuance of four warrants to pay for
part of the construction costs of a building of the
Terrell State Hospital.  The State Comptroller has
taken the position that he is unable to issue the
warrants because of the prohibition contained in Ar-
ticle 4357, V.C.S., against the payment of claims
which are not presented within two years from the
close of the fiscal year for which the appropriation
was made.

         The 50th Legislature appropriated to the
Terrell State Hospital, for the fiscal year 1947-1948,
the sum of $1,500,000 to be used for replacing "wards
for wings of old Main Building and Hospital," and re-
appropriated for the fiscal year 1948-1949 any unex-
pended balance of this sum.  The same appropriation
act authorized the acceptance of federal aid for build-
ings, improvements, and repairs at the eleemosynary in-
stitutions.  Acts 50th Leg., 1947, ch. 330, p. 566, at
pp. 585, 613.  Pursuant to this authorization an agree-
ment was made whereby federal funds in the amount of
$500,000 were granted for this project, payable in in-
stallments.  Contracts for the building were let prior
to September 1, 1949.  Installments of the federal
grant have been received from time to time, and the
Comptroller has credited the amount of each installment,
as it was received, to his Account No. L-1163 covering
this construction project.

On August 31, 1951, which marked the expiration of two years from the close of the fiscal year 1948-1949, the $1,500,000 appropriated from the General Revenue Fund of the State and all but a small balance of the federal funds which had been received up to that time had been paid out on warrants of the Comptroller. At that time there remained outstanding the claims of various contractors for materials and services furnished in the construction of this building. These unpaid claims form the basis of your opinion request. You state that the claimants submitted purchase vouchers to the Board for Texas State Hospitals and Special Schools (which has succeeded to the powers and duties of the Board of Control in respect to the Terrell State Hospital) and that the business manager for the Board approved the vouchers before August 31, 1951. However, at that time the last installment of federal money had not been received and there was not sufficient money on hand in the State Treasury for the payment of these claims, and consequently the Board did not immediately forward the vouchers to the Comptroller. The final installment of the federal grant was received for deposit in the State Treasury on October 11, 1951. Thereupon, the Board forwarded these claims to the Comptroller for payment, and the Comptroller declined to issue the warrants for the reason stated above.

The pertinent provision of Article 4357 reads:

" . . . No claim shall be paid from appropriations unless presented to the Comptroller for payment within two (2) years from the close of the fiscal year for which such appropriations were made, but any claim not presented for payment within such period may be presented to the Legislature as other claims for which no appropriations are available."

The appropriation acts in both 1949 and 1951, after authorizing the acceptance of federal grants in substantially the same language as the 1947 act, contain a provision that "any funds received . . . from the United States Government are hereby appropriated to the purposes for which the grant was

Hon. Larry O. Cox, page 3  (V-1416)

made."  Acts 51st Leg., R.S. 1949, ch. 553, p. 1070,
at p. 1083; Acts 52nd Leg., R.S. 1951, ch. 499, p.
1228, at p. 1297.  This language is broad enough to
include funds received under previously authorized
agreements, as well as under agreements entered into
pursuant to the authorization contained in the act
itself.  In this case, installments of the federal
grant have been received in succeeding bienniums and
have been credited to the Comptroller's Account No.
L-1163 as they were received.

The provision of Article 4357 here involved
is a limitation statute, and it must be construed in
the light of the object for its enactment.  The pur-
pose of this provision was to eliminate a necessity
for the Comptroller to carry stale appropriation ac-
counts on his books in the likelihood that there might
be outstanding claims against them.  It was not de-
signed to affect the payment of claims against ac-
counts which have been kept current by reappropriation
or by the receipt of additional funds to be credited
to them.  So far as the Comptroller's accounting pro-
cedure is concerned, the appropriation of the portion
of this building account represented by federal grants
dates from the time of their receipt for deposit in
the State Treasury.  Under these facts, we are of the
opinion that the "fiscal year for which such appro-
priations were made" should be construed to mean the
fiscal year during which the appropriated funds became
available for disbursement.  Since all the funds now
available in Account No. L-1163 were added to that ac-
count within the statutory period, it is our opinion
that the Comptroller may presently issue warrants
against the account in payment of the claims in ques-
tion.

SUMMARY

Claims presented to the Comptroller
within two years from the close of the
fiscal year in which the funds for their
payment become available for disbursement

Hon. Larry O. Cox, page 4  (V-1416)


          are not barred by the limitation pro-
          vision in Article 4357, V.C.S.

                              Yours very truly,

                              PRICE DANIEL
APPROVED:                     Attorney General

E. Jacobson
Reviewing Assistant

                              By *Mary K. Wall*
Charles D. Mathews              Mary K. Wall
First Assistant                       Assistant

MKW:wb